FILED
IN OPEN COURT

APR 2 2 2026

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:26CR 33 |
| | ) | |
| v. | ) | 18 U.S.C. §§ 1343 and 2 |
| | ) | Wire Fraud |
| CARL RANDALL UPTON, JR., | ) | (Counts 1-3) |
| | ) | |
| Defendant. | ) | |
| | ) | 18 U.S.C. §§ 981(a)(1)(C) & 982(a)(1) |
| | ) | Asset Forfeiture |

INDICTMENT

April 2026 Term - At Norfolk, Virginia

GENERAL ALLEGATIONS

1.     The United States Small Business Administration (SBA) is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses.  The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.     As part of this effort, the SBA enables and provides for loans through banks, credit unions and other lenders.  These loans have government-backed guarantees.  In addition to traditional SBA funding programs, The CARES Act, which was signed into law in March 2020, established several new temporary programs and provided for the expansion of others to address the COVID-19 outbreak.

3.     Another related response to the COVID-19 outbreak was an expansion of an existing disaster-related program - the Economic Injury Disaster Loan (EIDL) - to provide for loan assistance (including $10,000 advances) for small businesses and other eligible entities for loans

1

up to $2 million. The EIDL proceeds can be used to pay fixed debts, payroll, accounts payable and other bills that could have been paid had the disaster not occurred; however, such loan proceeds are not intended to replace lost sales or profits or for expansion of a business.

4.     Unlike certain other types of SBA-guaranteed loans, EIDL funds are issued directly from the United States Treasury and applicants apply through the SBA via an online portal and application. The EIDL application process, which also uses certain outside contractors for system support, collects information concerning the business and the business owner, including: information as to the gross revenues for the business prior to January 31, 2020; the cost of goods sold; and information as to any criminal history of the business owner. Applicants electronically certify that the information provided is accurate and are warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

A.     First EIDL Application

5.     On or about April 4, 2020, CARL RANDALL UPTON, JR, the defendant herein (hereinafter "UPTON"), electronically applied for an EIDL using the company name of Virginia Coastal Builders. UPTON claimed that Virginia Coastal Builders was located at 401 Clemson Ave. Chesapeake, Virginia.

6.     UPTON listed gross revenue for Virginia ~~Freedom Life~~ Coastal Builders of $1,200,00 and $670,000 costs of goods. UPTON was declined for a loan.

B.    Second EIDL Application

7.    On or about April 10, 2020, UPTON, the defendant, electronically applied for an EIDL using the company name of Virginia Freedom Life. UPTON claimed that Virginia Freedom Life was located at 6721 Hampton Parkway, Suffolk, Virginia.

8.    On or about April 10, 2020, UPTON responded no to the question "have you ever been convicted, plead (sic) guilty, plead (sic) nolo contendere, been placed on pretrial diversion, or been placed on any form of parole or probation . . .". This statement was false given UPTON's four prior felony convictions.

9.    UPTON listed gross revenue for Virginia Freedom Life of $58,463 and $35,000 costs of goods. UPTON was funded a loan in the amount of $11,800

C.    Third EIDL Application

10.    On or about July 2, 2020, UPTON the defendant, electronically applied for an EIDL using the company name of Virginia Coastal Builders. UPTON claimed that Virginia Coastal Properties was located at 401 Clemson Ave. Chesapeake, Virginia..

11.    UPTON listed gross revenue for Virginia Coastal Builders of $880,000 and Zero costs of goods. UPTON failed to report a cost of goods of $600,000. This failure caused the EIDL loan to be declined.

D.    Fourth EIDL Application

12.    On or about July 13, 2020, UPTON, the defendant, electronically applied for an EIDL using the company name of Virginia Freedom Life.

13.    UPTON listed gross revenue for Virginia Freedom Life of $450,000 and $300,000 costs of goods with rental income of $12,000.  UPTON was declined for a loan.

E.    Fifth EIDL Application

14.    On or about July 23, 2020, UPTON the defendant, electronically applied for an EIDL using the company name of Virginia Coastal Properties.  UPTON claimed that Virginia Coastal Properties was located at 6721 Hampton Parkway, Suffolk, Virginia.

15.    UPTON listed gross revenue for Virginia Coastal Properties of $850,000 and Zero costs of goods.  UPTON failed to report a cost of goods of $600,000. This failure caused the EIDL loan to be funded in the amount of $150,000 and then rescinded.

F.    Sixth EIDL Application

16.    On or about September 29, 2020, UPTON the defendant, electronically applied for an EIDL using the company name of Virginia Coastal Builders.  UPTON claimed that Virginia Coastal ~~Properties~~ Builders was located at 401 Clemson Ave. Chesapeake, Virginia..

17.    UPTON listed gross revenue for Virginia Coastal Builders of $810,070 and $625,452 costs of goods.  UPTON received a loan in the amount of $92,400.

THE SCHEME AND ARTIFICE

18.    From on or about at least April 2020, to in or about at least September 2020, in the Eastern District of Virginia and elsewhere, UPTON, the defendant herein, devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, promises and omissions.

19.     It was a part of the scheme and artifice that the defendant sought to fraudulently obtain disaster-related benefits in the form of SBA-sponsored Economic Injury Disaster (EIDL) loans.

20.     It was further a part of the scheme and artifice that the defendant submitted applications for loans under the EIDL program that contained false statements, misrepresentations and omissions related to the defendant's income, claimed business entities and his prior criminal record.

21.     It was further a part of the scheme and artifice that the defendant falsely attested on the aforementioned loan applications that the information presented was true and accurate.

22.     It was further a part of the scheme and artifice that the defendant received and obtained approximately $104,200 in EIDL proceeds.

23.     It was further a part of the scheme and artifice that the defendant caused the transmission of information and funds by wire between the Eastern District of Virginia and locations outside of the Commonwealth of Virginia.

## COUNTS ONE THROUGH THREE
### (Wire Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1.     The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.     On or about the dates and in connection with the transactions described below, UPTON, the defendant herein, having devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false, fraudulent and fictitious pretenses, representations and promises, as described in Paragraphs 18-23 above and

incorporated herein by reference, and, for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, in the Eastern District of Virginia and elsewhere, did knowingly and willfully transmit and cause to be transmitted by means of wire communication in interstate commerce, the following certain signs, signals, and sounds: to wit, the following loan Economic Injury Disaster Loan (EIDL) and SBA Paycheck Protection Program (PPP) applications and a wire transfer of funds to/from/through a location within the Eastern District of Virginia to/from/through a location outside of the Commonwealth of Virginia.

| Count | Date of Wire Transmission (on or about) | Description of Wire Transmission |
|---|---|---|
| 1 | 04/10/2020 | Defendant submitted an EIDL application to the SBA for Virginia Freedom Life that contained false statements and misrepresentations and omissions related to his business entity, employment, income and background. |
| 2 | 07/23/2020 | Defendant submitted an EIDL application to the SBA for Virginia Coastal Properties that contained false statements and misrepresentations and omissions related to his business entity, employment, income and background. |
| 3 | 09/29/2020 | Defendant submitted an EIDL application to the SBA for Virginia Coastal Builders that contained false statements and misrepresentations and omissions related to his business entity, employment, income and background. |

(In violation of Title 18, United States Code, Sections 1343 and 2.)

6

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of any of the violations alleged in Counts One through Three of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

3. The property subject to forfeiture includes, but is not limited to, the following:

   a. A monetary judgment an amount representing the proceeds the defendant obtined from the scheme alleged in this indictment.

(All in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).)

UNITED STATES v. CARL RANDALL UPTON, JR., 4:26CR33

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

A TRUE BILL: REDACTED COPY

_____

FOREPERSON

TODD BLANCHE
ACTING ATTORNEY GENERAL

By: _____/S/_____
    Eric M. Hurt
    Assistant United States Attorney
    Virginia State Bar No.35765
    Attorney for the United States
    United States Attorney's Office
    City Center One, Suite 200
    11815 Fountain Way
    Newport News, Virginia 23606
    (757) 591-4000 Office
    (757) 591-0866 Fax
    eric.hurt@usdoj.gov